The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas Berger and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement as:
STIPULATIONS
1. The employer regularly employed three or more employees in the same business or establishment and the employer was subject to the Act at all relevant times.
2. Key Risk Management Services, Inc. was on the risk at all times relevant to this action.
3. A Form 18 Notice of Accident was filed with the Industrial Commission and served on the parties in May of 1994.
4. The Carrier paid no benefits to the employee.
5. Plaintiff's average weekly wage was $250.00, yielding a compensation rate of $166.75.
6. Plaintiff's medical records were stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. In May 1992 plaintiff sustained a lower back injury while working for another employer. From June 1992 to February 11, 1994, plaintiff did not seek medical treatment for his back. Plaintiff did not experience back pain during this time period.
2. On February 11, 1994, plaintiff was employed as a cook by the defendant-employer. Plaintiff reached down to pull a pizza up from a bottom oven. Plaintiff experienced pain in his lower back causing him to fall to the floor.
3. John Geshel, co-owner of Brett's Maverick Inn, directed a co-worker to supply a stool to the plaintiff after plaintiff fell in the kitchen. Someone brought the plaintiff a beer to drink while he sat on the stool. Plaintiff tried to walk off the pain in his back.
4. Plaintiff did not complete his shift as had been scheduled. Plaintiff was given permission by his supervisor to stop working. He went into a bar adjacent to the restaurant and began drinking alcoholic beverages. This bar was owned by Brett Geshel, co-owner of Brett's Maverick Inn.
5. Brett Geshel instructed the bartender to watch the plaintiff because plaintiff was going to sue him for a back injury that he had sustained.
6. Plaintiff became intoxicated after consuming alcohol. He danced a few times to both slow and fast music. He played pool as well. Plaintiff drank beer for a period longer than five hours. Plaintiff did not exhibit any problems with his back during this time period.
7. Between 12:00 a.m. and 1:00 p.m., plaintiff attempted to sit on a bar stool when another bar patron pulled the stool out from under the plaintiff. Plaintiff fell to the floor and felt excruciating pain in his lower back and developed numbness in his left leg. Plaintiff was unable to move after sitting down hard on the floor. Plaintiff was transported to the emergency room at the Moore Regional Hospital where he was x-rayed and prescribed pain medications.
8. Plaintiff received medical treatment from Dr. Anthony Hucks-Follis, a neurosurgeon, from February 1994 through February 1995. Dr. Hucks-Follis treated plaintiff with medications and kept him out of work. On August 25, 1994, at plaintiff's request, Dr. Hucks-Follis released plaintiff to return to work.
9. Disc herniations occur more frequently as the result of bending/lifting incidents and less frequently from incidents involving falling and sitting down hard on the ground. As a result of plaintiff's bending over to pull a pizza from an oven, plaintiff sustained a focal disc herniation at the L5-S1 level.
10. As a result of the barstool incident, plaintiff sustained a contusion to a nerve in his lower back.
11. As a result of plaintiff's bending over to pull a pizza out of the oven, plaintiff was unable to earn any wages from February 12, 1994 to July 15, 1994, when he returned to work for another employer at wages equal to or greater than he earned prior to the compensable injury.
12. As of February 9, 1995, plaintiff had reached maximum medical improvement with regard to his lower back injury treated by Dr. Hucks-Follis.
13. As a result of plaintiff's compensable injury when he bent over to pull a pizza out of the oven, plaintiff sustained an eight percent permanent partial disability to his back.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On February 11, 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer in that he sustained an injury to his lower back as a result of a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. As the result of the compensable injury, plaintiff is entitled to receive temporary total disability compensation at a rate of $166.75 per week for the time period beginning February 12, 1994 to July 15, 1994. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to receive permanent partial disability compensation for his back at a rate of $166.75 per week for twenty-four weeks. N.C. Gen. Stat. § 97-31(23).
4. Plaintiff is entitled to have the defendant provide all medical treatment arising from this injury by accident to the extent it tends or tended to effect a cure, give relief, or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to the plaintiff temporary total disability compensation at a rate of $166.75 per week for the time period beginning February 11, 1994 to July 15, 1994. This amount has accrued and shall be paid in a lump sum subject to the attorney's fee approved below.
2. Defendant shall pay to the plaintiff permanent partial disability compensation at a rate of $166.75 per week for twenty-four weeks. This amount has accrued and shall be paid in a lump sum subject to the attorney's fee approved below.
3. Defendant shall pay all medical expenses incurred or to be incurred for the treatment of the injury to plaintiff's lower back caused by the February 11, 1994 injury by accident.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraphs 1 and 2 of this Award is approved for plaintiff's counsel and shall be deducted from the lump sum due plaintiff and paid directly to plaintiff's counsel.
5. Defendant shall pay an expert witness fee in the amount of $265.00 to Dr. Hucks-Follis.
6. Defendant shall pay the costs.
This the ___ day of April 1997.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
LKM/bjp